Case No. 17-5908 United States of America v. William Perkins Oral argument not to exceed 15 minutes per side Mr. Roach for the appellate Good morning. May it please the court, Bill Roach for the United States I'd like to reserve three minutes for rebuttal The district court wrongly suppressed evidence because it read the anticipatory warrant in a hyper-technical way as opposed to reading it in a common-sense fashion How is it hyper-technical to say, hand a liver to Perkins? I mean, you wrote it, right? The agent wrote it, yes, Your Honor It's hyper-technical because the district court looked at every condition in the warrant as if it were required to happen before the agents could execute the warrant There was only one condition that I saw in the warrant that was It said in paragraph 21 that controlled delivery of approximately four ounces of meth to Perkins and that the TFO brewer will knock on the resident's door and hand deliver the above-mentioned package to, in all caps, Perkins That is true, Your Honor That specific condition, the hand delivery to Perkins, was a condition I mean, it was one of a couple different conditions It was the conditions comprised together that make up the triggering event So the most important condition, looking to this court's precedent in United States v. Miggins and United States v. Penny is the delivery to the resident Well, you could have put delivery to the residents You didn't, right? Yes, well You in your brief say, we want to search this place This is about the place, not the person That's right, Your Honor But you didn't put delivery to the residents, right? Go ahead The affidavit does list the defendant's address, 5831 Rogap Road But you said hand delivery to Perkins It does say hand delivery to Perkins But this court, in reading the warrant in a common-sense fashion as this court did in both Miggins and Penny It has to look to the four corners of the affidavit and the warrant and see what does the warrant require here in a common-sense fashion And that interpretation has to look to Fourth Amendment principles And so Justice Scalia said in Grubbs that the point of the anticipatory warrant is that a magistrate judge in chambers would be making the decision and leave no discretion to the officer, correct? That is correct, Your Honor And if the warrant had said, hey, we're going to go up to this house and as soon as we drop it on the porch, we get to search the house I think the magistrate might have had a different view  Absolutely, Your Honor Your reading of it makes it sound like that because if Perkins doesn't mean Perkins if Perkins means the lady or a ten-year-old or a guy who happened to wander by to watch television then it would be just as good as what I said, right? You're saying that it's really got nothing to do with Perkins We're going to deliver a package to the house and then we get to search the house That's correct, Your Honor But there has to be a nexus between the delivery and the residence So the agents could not just put It's addressed to the residence, you take it there People bring FedEx packages to my house all the time and they leave them on the step That's a common mode of delivery That's right, Your Honor But if we look at the warrant in a common sense fashion What if it said delivery to 5821 and that's it and you dropped it on the porch and then said Okay, we've delivered it just like a FedEx person would We can go in and search That wouldn't be enough, Your Honor I think a fair reading of this court's precedent requires What if it said delivery to a man at the house and you delivered it to a woman? That would be fine as long as the woman had access to the residence and that's where the nexus requirement comes in So as long as the magistrate is assured that the package once it reached the residence Then why say deliver to Perkins? Why not say deliver to a person? It was an oversight They should have said delivery to a person But why shouldn't you bear the brunt of the oversight? The government who we can then hold accountable and the government can be more precise in their drafting Well, because under the law this court looks and as does the magistrate judge to a common sense reading of the warrant and there's no reason here to take the drastic measure of suppressing evidence when the oversight doesn't affect the probable cause that contraband would be found in the residence and the point that delivery be made to a defendant was an unnecessary detail in the warrant and the First Circuit's opinion in the United States If that's the case why did you abandon your good faith argument? Well, because we think that the law is strong enough on the common sense approach that Suppression is such a drastic remedy Why not? I've always seen the government argue the alternative Why not argue the alternative? Generally we do, Your Honor The case law in the anticipatory warrant context is not as concrete as it is in other contexts We feel that the law the black letter law out of this court on the anticipatory warrant issue is strong enough that this court should reverse the district court's order suppressing evidence Does it make any difference I mean, I realize that the warrant incorporates the affidavit but does it make any difference that the warrant doesn't say delivered to Perkins? No it doesn't, Your Honor The warrant and the affidavit are read cohesively together and this court has held that in both in both Miggins and Penny Back to the issue of the I'd like to try to explain why delivery to an individual was an unnecessary detail in this warrant and I think the First Circuit's opinion in the United States You just said hand delivery to an individual is unnecessary Doesn't that mean you've just sort of conceded back to the hypothetical where you drop it on the porch I'm sorry, Your Honor I misspoke I should have added a qualifier hand delivery to a specific individual So as long as there's delivery to somebody who has access to the package But that's the only Go ahead, I'm sorry We haven't talked about it but the only and correct me if I'm wrong is there's just a statement in here that Perkins resides at this location That's really not developed much Does that make any difference? That is to say if you didn't have that in it it would still be okay to go up to this house that happens to have the same address as the package and search it? Well, as long as delivery is accepted by someone in the residence  then there's going to be probable cause to believe that contraband is in the residence Now, this affidavit also states the defendant is a known dealer of methamphetamine The last evidence you had was six months old, right? That's correct, Your Honor He was also the warrant mentions that he was on parole at the time and that the officers knew that he had been a dealer of methamphetamine But the delivery to Perkins is not important because warrants are for places, not people Now, the First Circuit in the Ricciardelli case reversed the district court's ruling there because the affidavit required delivery to an individual You could have made the warrant to a place That's the problem and the magistrate judge makes a determination based on your representations and what you want to do is then say well, common sense allows our officers to change the interpretation in the field and so and it's a slippery slope In Penny, the person Perkins the Perkins of Penny was involved I guess it was Penny but was involved in the transaction He just didn't take the actual hand delivery but he was the middleman and it was clear to officers and so what we said is it's a hyper-technicality to require it to be handed to him when he's involved in the transaction Here, Perkins is nowhere to be found That's true, Your Honor but this court looked to whether all of the operative transactions happened in Penny and they held that just because it required Penny to attempt to purchase drugs and to examine the drugs that didn't happen but the main point of that warrant was that Penny was a middleman He was going to facilitate a drug transaction Which he did in that case but here, Perkins is the main point of this warrant if you look at it is about Perkins I disagree respectfully, Your Honor I would push back on that point and say that the main point here is delivery to Perkins residents If you look at in every paragraph asserting probable cause Perkins is involved There's nothing about the residents except that that's where you're delivering it That's true, Your Honor but also and I'd like to point paragraphs 20 through 22 of the affidavit on pages 79 and 80 of the record all three of those paragraphs they mention Perkins but they also mention the address where delivery will be made and that's important because that's where the search is going to take place But you say he resides there We do say he resides there The whole point is to go after Perkins as you yourself acknowledge That is the point and it would have made our job a lot easier had the agents delivered it to Perkins We don't contest that fact It would have made our job a lot easier had you put deliver to the residents That is certainly true, Your Honor but under this court's precedent we say that the operative transactions happen and let me just the operative transactions being what is the triggering event The triggering event here is the fact that a package of methamphetamine will be delivered to 5831 once that delivery is accepted The problem is that that isn't what it said in Penny and I had the good or misfortune to write Penny The reason we said it would be hyper-technical to knock that out is that it talks about a whole transaction using in effect some ambiguous verbs He's going to meet with somebody which he sort of did to examine and attempt to purchase by promising to obtain funds in order to complete the transaction and we said what happened was close enough to that This says deliver to Perkins and not Perkins is not hyper-technical different from Perkins I'd have to respectfully disagree that it does say delivery to be Perkins but it also mentions the address It also mentions it and so I think under a common sense reading it doesn't say Perkins or anybody else who's there which would be you know I think if you just said to the residence if I were a magistrate I might blink a little bit but if you say to Perkins or anyone else who seems to be there to take delivery that would be more reasonable but that's not what you did It would be your honor but this court in Megan's the triggering event did not require specific delivery to an actual to a specific person It required delivery to the residence Can I ask you just as an original matter the language of the Fourth Amendment says no warrant shall issue but upon probable cause That's the specific language Justice Scalia and Grubb says look we can have anticipatory warrants because as long as the condition comes to pass in the warrant Here the magistrate judge made a determination the condition was delivery to Perkins That was his determination that that's when probable cause existed That condition never came to pass That condition never happened your honor but the reviewing court has to look at the warrant in a common sense fashion The district court erred when Where does it say that in no warrant shall issue but upon probable cause Set the case law aside for a second I just want to talk about the Fourth Amendment Your honor see that I'm out of time May I respond? Go ahead So yes the Fourth Amendment does say that but courts have courts have interpreted the Fourth Amendment to allow as long as the as long as the search is not unreasonable and in the anticipatory You didn't argue reasonableness right? That's a different issue Well the From what I'm talking about There's the warrant clause and there's the reasonableness clause and you didn't argue in your brief that irrespective of the warrant the search was reasonable You didn't make the Akil Amar this is reasonable so we win argument That's correct your honor We argue that the warrant itself is reasonable read in a common sense fashion and that the triggering event did occur Thank you Good morning I'm Jennifer Coffin and I'm here today on behalf of William Perkins At the outset I'd just like to say that Mr. Perkins is not asking this court to up end precedent undermine precedent or create a new rule of law He's just asking this court to do what the district court did which is apply the law to give effect to the judicial control that is necessary to the constitutionality of an anticipatory warrant and to correctly apply that precedent As your honors have noticed four times in the affidavit in four different paragraphs four separate paragraphs Officer Warren assured the magistrate judge that the way that this control delivery would play out would be that Officer Brewer would hand deliver the package to William Perkins Had they come to the door together his fiance and him right it was his fiance that took the package correct Had they come to the door together but she took the package would that be enough? Well obviously that's a slightly different case I understand but would that be enough? I would say that that would probably be enough So had he been in the room watching the football game and said hey can you go get the door and they see him in the room and hand deliver it to her would that be enough? Well let me say something about this warrant for a moment before I answer that question because I want to highlight the difference between this warrant and the warrant in Miggins that my friend in the government is saying is so completely the same as here in fact in Miggins the thing that happened there was the warrant said taken by someone inside the house it wasn't just delivery to a person at the house it was taken by someone inside the house what we know for sure from Miggins is that had the FedEx delivery person or whoever it was deliver the package to Miggins and he had never been inside the house we'd have a completely different outcome the condition would not have been met so when you're talking about a different scenario here where there was someone where you could see Mr. Perkins possibly allowing this other person to accept the package on his behalf then it does come a lot closer to hand delivery to Mr. Perkins I still think we would have to have the same conversation about whether that's a hyper technical reading but that's a completely different scenario from when Mr. Perkins was not even at the house at all and I'd like to say that this particular affidavit did not say by the way it just said hand delivery to William Perkins it didn't say and William Perkins is inside the house or had ever been inside the house or takes the package inside the house by specifying hand delivery well it does say that he resides at the house it does say that but that doesn't in fact actually that's exactly on his face they could have delivered it to him at a Walmart parking lot if they happened to notice him well actually I would say that a common sense reading of the affidavit as a whole would require delivery to him at his house then we would flip sides there if that were the case but I mean isn't your position you know we're pressing you on hyper technicalities presumably if he came to the door and both hands are in sling and he says give it to Jennifer that would probably be good enough that would probably be good enough and if he's sitting at the TV set maybe a good agent would have said I'm sorry this package is for Mr. Perkins will he take it yes and then if he says I'm sorry I'm busy give it to Jennifer you'd probably lose probably I would okay but this is you know this is different we're dealing with a situation where for whatever reason in the affidavit in the four paragraphs of the affidavit the combination of the fact that this was Mr. Perkins' residence plus hand delivery to Mr. Perkins is what convinced the magistrate judge to sign off on this warrant it didn't go on to say if it just said hand delivery to a person at 5821 they could have searched it right if it had said hand delivery to a person at 5821 I would not be willing to say that that would have met the condition and that is because if that were true  to Miggins who had never been inside the house would have been sufficient that may be a failure of the magistrate but if the warrant itself said hand delivery to a person if it had said hand delivery you may argue that it's not probable cause to search but you're conceding that would have been enough for the officers to search if it had said hand delivery to any person at this residence I would not concede that what would the officers have done wrong under that I mean you would attack it but you'd attack it because the magistrate issued a warrant without probable cause exactly not because the officers didn't fulfill the warrant you're right about that so that would be a completely different condition and that condition would have been met yes okay so I see what you're saying but that's an interesting point as well because the government is not saying that would have been that had okay had this particular warrant said hand delivery to someone period right that would be that's pretty much what they're saying hand delivery to someone period was sufficient and then that's not the case it had to be someone with as the government says access to the house they keep saying nexus to the house that's not a condition of this particular warrant right your real point is what the point that I think Justice Scalia made in Grubbs which is if we say hand delivery to a person at a residence the officers can deliver a package to any residence in America and then search it because if they know it as drugs they can deliver it to any residence but that is an attack it seems to me not on the anticipatory nature but on the probable cause itself the warrant never should have issued exactly so when we're in this situation then what we're talking about is really vindicating the process that is required to make an anticipatory warrant constitutional isn't it pretty clear here that the what was happening was that the officers were saying to the magistrate this guy Perkins is expecting this package so we're going to deliver to the residence to Perkins so when the fiance comes to the door and they say are you expecting a package and she says yes they figure okay fine they're expecting this package and turn it over to her well the problem with that is is that they didn't know that there was someone else going to answer the door that was not part of the scenario that they had played out in their scenario the the nexus to the house all of the things that are necessary to make it about the place were sort of subsumed into the fact that the delivery was going to be the person who lived there and the person they knew who lived there so the the moment when someone else answers the door and it's not William Perkins they don't know if he's there or not and they go ahead and give it to her there's the moment that they could have gone back to the truck called the magistrate and said look this didn't play out the way that we thought it would although factually doesn't it say that brought I mean this is a separate failure but the brewer the guy actually doing the delivery didn't know about that condition exactly and that leads that that's another problem here is that if we allow the officers to make really an effect is a sort of on the fly probable cause determination without getting authorization from the magistrate then we're circumventing the entire magistrate rule because the interesting fact I mean it's a it's a a a the word providential fact that she says are you accepting are you expecting a package yes we are that certainly sounds suspicious but we don't know I mean that didn't necessarily the the officers wouldn't have known that that had to happen if he says are you expecting a package no Bill just said come on in watch television until I get home and that's exactly right and I you know as I was preparing for oral argument today it occurred to me I was I was thinking a little bit about the the fact that officer Brewer for whatever reason did not read the warrant and the officer Warren who was the person who briefed him on the warrant didn't tell him what the actual condition was and if we don't like the idea of it being willful blindness because that in court you know sort of invokes an area of law that isn't quite appropriate then I would suggest that we think about it in terms of the term that is used in the context of whether officers exceed the scope of a warrant by going in and searching an area that they weren't authorized to search or by seizing items they weren't authorized to seize and in those in those cases and I have one I can cite to you if you'd like but I think there are plenty of them it's easy to know that this is true the courts say that it's not objectively reasonable when officers just ignore the warrants clear authorization to search say apartment 2 and when they get there they realize that what they really meant to search was apartment 1 so they go ahead and search apartment 1 and they can't make these decisions out in the field that is what that does is it reduces the magistrate to a nullity a mere triviality as the district court here said and in that case the court I'll tell you this case it's United States versus Berchanski it's from the second circuit 2015 788 F second 102 and I think it's analogous to what happened here where the officer you could say flagrantly disregarded the fact that they were executing an anticipatory warrant these were experienced officers they know what they're doing they specifically and repeatedly assured the magistrate that they were going to hand deliver this to a person who lived at the residence and in doing so they sort of shortcutted the other requirements which has to do with does the person have access to the house which leads me back to Miggins again in Miggins in fact it was I would say much more close to strict compliance than the government would allow in that case what was the key word was inside the house inside was required by the terms of the warrant and inside happened here Mr. Perkins was required by the terms of the warrant and Mr. Perkins didn't happen so it's very it's literally impossible to say that the terms of the warrant were met in common sense reading or it's not hyper technical to suggest that when a warrant that says Mr. Perkins is satisfied by a person who the officers actually did not know was his fiance she could have been someone just passing through they didn't know they didn't even know where Mr. Perkins was and these are although she did acknowledge she said yeah we were expecting a package right he said are you expecting a package he could have been talking to her personally and she said yes we are and that's undisputed at this point you haven't put any evidence to the contrary so I mean why isn't it then I mean their argument is that's a hyper technicality you knew we alleged he was there there's no evidence that he lived there the magistrate judge accepted that package delivered she said we're accepting it he might just not have been able to come to the door at the moment perhaps but what's happening here is we're unpacking the hand delivery to Mr. Perkins into additional facts so that the officers are being able to make a decision in the field about whether these different facts based on what she said then satisfy a condition and so they are making decisions about whether these factual scenarios satisfy probable cause rather than the magistrate when they said this is how it was going to play out the officers were in control of this delivery in the sense that they could have surveyed and waited for him to come home had they surveyed and waited they didn't know until they went to the door you go to the door you knock I mean that happens all the time in America a spouse comes to the door you deliver the package well I'd like to point out a case that was cited by this court in Miggins and it's cited in our brief at page 16 and it's Gendron it's from the first circuit and so this is really cited and I'm going to talk about it for just a minute if I may because of the suggestion here that a warrant doesn't have to specify the individual to be a valid warrant and all it has to be is connected to the place in that particular case the warrant said and this is just sort of evidence that this does happen it says after delivery that the condition was after delivery by mail to and receipt by a named individual Daniel Gendron and in that case the officers said when the court was sort of noting whether the warrant was sufficient the court went in and said well look what the officer said the officer testified that if Daniel Gendron had not been home if he had been in Florida at the time of the delivery the officers believed that they could not have conducted the search and this was cited with approval by the first circuit in other words the fact that this additional fact that it had to be delivered to a person was in the warrant meant that the officers could not execute the search until that condition was met even if we could sit here and say that there would have been probable cause without it. Mr. Perkins doesn't concede that there would have been probable cause had the warrant in this case just said hand delivery to someone period. There would have been more. In this case it not only said mail to receipt by and also said taken into the house. But the officers in that case did not approve this. That warrant could not have been executed unless and until Mr. Gendron was in the house. I think I'm running out of time. What I would like to end up with obviously is to ask this court to affirm the district court's suppression of the evidence of this case by granting of his motion. Thank you very much. Thank you counsel. Rebuttal? Thank you your honors. I would like to point the court to page 395 of the Miggins case. Miggins when talking about a common sense interpretation of the warrant approves sufficient delivery. That's in the controlled delivery context. I would like this court to look at paragraph 21 of the affidavit on page 79 of the record. It states TFO brewer will knock on the resident's door and brewer will hand deliver the above mentioned package to Perkins. Assume we read this warrant in a common sense fashion. That is what we are saying a common sense interpretation of the warrant requires because of the fourth amendment principle that searches are of places not people. So as long as the package finds its way once that package is taken inside that is the point when probable cause attaches. Wouldn't that allow law enforcement to deliver it to any of those residents? No, Your Honor, because this warrant specifically mentions the address of the place to be searched. I understand that, but they could put my address down or your address down, take the package, deliver. The whole probable cause is tied to Perkins being a drug dealer. And so they could say Perkins is a drug dealer, now deliver it to Judge Boggs, and deliver it there and you can search. Well, that's why the additional evidence in this affidavit that the officers knew that Perkins had been convicted before, they knew that he had dealt methamphetamine before, they knew his record. That's what protects against Justice Scalia's scenario. My point is they could have every paragraph in this, instead they could substitute my address for where Perkins lives, because they have no other evidence of that, they're just saying he resides there. They don't provide his driver's license list, like they often do. Here's how we know he resides there, we've observed him three times there, this and that and the other. Then they can go to any residence in America, whatever they've listed, deliver, search, because the triggering events come to have been met. I see the concern here, and I understand, I mean, officers, if they make a mistake,  going to be charged with it, at least in terms of the merits. Here, the issue is, it's a merits issue, Perkins is free to argue that the methamphetamine is not his, but the important part is, once the delivery was made to the residence, the triggering event was methamphetamine,          free to argue that the delivery was not his, and that was not free to argue that the delivery was not his. Well, we didn't really need to do that, and we didn't really mean that, because we really just want to search the place. And if that's really what you're after, then if we were to rule, to affirm what the district court did here, wouldn't that sort of send a message that you better say what you really do mean in these affidavits? Well, certainly I think that agents should always say what they mean in affidavits, but I also think that reviewing courts should read them in a common sense fashion and understand that these are agents that are drafting the warrants as the Supreme Court recognized in United States versus Ventresca. These aren't trained attorneys that are drafting the warrants. These are agents in the field. Sure, but a judge is reviewing them, so to your point that agents may be less specific, but then the judge will make a determination whether more specific  specific. So, again, paragraph 21, in combination with Megan's requiring a sufficient delivery under a common sense reading, the triggering event occurred. The District Court erred on that point. We would ask this Court to reverse. Thank you, Counsel. The case will be submitted and there being nothing further to be argued this morning, we may adjourn the Court.